# MUTUAL NON-DISCLOSURE AGREEMENT

THIS NONDISCLOSURE AGREEMENT (this "Agreement") is made effective this day of March 28, 2019 by and between Kaleon, LLC (Kaleon) and _William J. Haynes ( Jack )_

Kaleon LLC and _William J. Haynes_ are evaluating a potential business relationship and transactions between them involving the purchase and/or sale of certain assets listed on Exhibit A attached hereto (the "Assets"). In connection therewith, the parties may each share certain Confidential Information (as defined below) with the other on the terms and conditions provided herein. For each piece of information made available hereunder, the party making such information available shall be referred to as "Discloser" and the other party as "Recipient."

In consideration of the promises contained herein, and for other good and valuable consideration, Kaleon and _William J. Haynes_ agree as follows:

**1. Confidential Information.**

"Confidential Information" as used in this Agreement shall mean any and all information, regardless of the form or manner in which it is disclosed, relating to Discloser's business, operations, products, systems, and/or services, and/or to discussions, negotiations, and/or agreements between the parties, including, without limitation:

  a. proprietary information, technologies, know-how, processes, software and related documents, research, work product, relationships, design details, specifications, and other information related to the current, future and proposed products and services of Discloser;

  b. analyses, projections, statistics, forecasts, and other financial and accounts information;

  c. customer lists and other customer information, sources of supply, sales, product, research, and marketing data and plans, business plans and models, and personnel and shareholder data.

**2. Obligations of Recipient.** Recipient shall:

  a. use Confidential Information, including making any copies thereof (which shall be done only in a manner that preserves all confidentiality notices in full) solely for the purposes of evaluating a potential business relationship or transaction between the parties and/or of implementing such relationship or transaction following execution of a definitive agreement therefor;

  b. not disseminate or disclose any Confidential Information in any way to any third party, other than to its employees and Representatives that have a need to know such information and have agreed to be bound by the terms hereof, unless required by law or pursuant to a valid court order, in which case Recipient shall give Discloser reasonable notice prior to such disclosure and shall cooperate (at Discloser's expense) to the extent permitted by law to assist Discloser in obtaining a protective order or equivalent.

**3. Exclusions from Confidential Information**

As used herein, "Confidential Information" does not include information that Recipient can demonstrate:

  **a.** is or becomes publicly disclosed or available with no breach hereof by or on behalf of Recipient;

  **b.** was previously in Recipient's possession with no obligation to maintain confidentiality;

  c. was developed by employees and/or Representatives of Recipient independently of, and without reference to, any Confidential Information.

**4. Ownership of Confidential Information; Return of Property.**

All Confidential Information is and shall remain the property of Discloser, and no license or other rights to Confidential Information is granted or implied hereby. At the request of Discloser, Recipient shall promptly return or destroy all Confidential Information and related materials (including those generated internally by Recipient as described above) and any copies thereof, and permanently delete and destroy all Confidential Information stored digitally or electronically.

**EXHIBIT A**



## 5. No Assignment.

Neither party will assign or transfer any rights or obligations under this Agreement without the prior written consent of the other party, except that each party shall require any successor to whom it provides the Confidential Information it has received to agree to be bound by this Agreement.

## 6. Notices.

Any notice required or permitted by this Agreement shall be in writing and shall be deemed given as follows: (i) upon delivery when delivered personally; (ii) the next business day when delivered by overnight courier with written verification of receipt; (iii) upon delivery when sent by facsimile transmission with printed proof of electronic transmission; or (iv) three (3) business days following mailing by certified or registered mail, postage prepaid, return receipt requested. Notices shall be sent to the parties' respective addresses or fax numbers set forth herein, or such other addresses and/or number as that party may specify by notice. Notices to Kaleon LLC shall be sent to offices at 354 Downs Blvd, Suite 106, Franklin, TN 37064 Telephone: 615-495-9610 Attention: Christian A. Leake, Managing Partner.

Notices to: 521 Arrowwood Dr. Nashville, TN 37220

## 7. Governing Law; Jurisdiction

This Agreement shall be governed in all respects by the laws of the Commonwealth of Tennessee, without giving effect to choose of law principles. The parties hereby irrevocably consent to the exclusive jurisdiction of the state and federal courts located in the Commonwealth of Tennessee for any matter arising from this Agreement.

## 8. Injunctive Relief

As Recipient, each party acknowledges that (i) a breach of any of the promises or agreements contained herein with respect to Confidential Information will result in irreparable and continuing damage to Discloser, and (ii) Discloser shall be entitled to seek injunctive relief and/or a decree for specific performance, and such other relief as may be proper (including monetary damages if appropriate) with respect to a breach of any of the promises or agreements contained herein with respect to confidential information.

## 9. Non-Circumvention

The parties agree not to knowingly contact (directly or indirectly), deal with, transact, or otherwise be involved with any corporation, partnerships, proprietorship, trust, individuals, or other entities with respect to the Properties that has been introduced by one party to the other without the specific written permission of the introducing party. The parties also undertake not to make use of a third party to circumvent the terms of this Agreement.

## 10. Arbitration.

As provided in Section 7 of this Agreement, any dispute, controversy, or claim arising out of, or in connection with, this Agreement between Kaleon, LLC and _William J. Haynes_ shall, upon the request of either party, be submitted to, and settled by, arbitration in accordance with the rules and procedures of the American Arbitration Association. Any award rendered by an arbitrator shall be final and binding, and judgment may be entered on it in any court of competent jurisdiction or as otherwise provided by law. The prevailing party shall be entitled to attorney's fees and expenses incurred as a result of this arbitration proceeding.

## 11. Term.

This Agreement shall expire on the earlier of (i) the date that is two years from the date first set forth above; (ii) the date the parties shall enter into a definitive agreement for the acquisition, ownership and/or development of any of the Properties; or (iii) the date the parties mutually agree to terminate this Agreement. The

date of such expiration, as determined in the preceding sentence, is herein referred to as the "Termination Date". The parties may extend or renew this Agreement by mutual written consent but, unless so extended or renewed before the Termination Date, this Agreement shall terminate on the Termination Date.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed, effective as of the date first written above.

Kaleon, LLC



Company Name: Kaleon LLC

Name: Nathan

Title: Member

Company Name: N/A

Name: William J. Haynes

Title: N/A

Company Name:

Name:

Title:

# EXHIBIT A

## THE ASSETS

- Trade opportunity involving precious stones through Kaleon Global.



# THE OPPORTUNITY

This opportunity, presented by Kaleon Global, LLC is for the recipients' eyes only, not to be shared or discussed with any outside parties.



Description: This is a commodities private trading platform opportunity involving precious stones. All contacts used through this trade are thoroughly vetted and are considered valuable relationships to the trade desk.

Terms:

    a. Minimum Investment: $1,000,000.00 (One Million)
    b. Length of Investment: 40 Weeks (10 Months)
    c. Projected Returns: 50% Monthly

Procedures:

    a. Funds will be held at one of Kaleon Globals primary banking relationships. All of our banking relationships have a fantastic track record of success in dealing with these types of trade opportunities both nationally and internationally.

    b. The Funds will be held in an account with Kaleon Global as the account beneficiary.

    c. Funds will be blocked by the Bank Administrator, preventing any withdrawals, transfers, or collateralizations to be performed on the money in the bank without the approval of Kaleon Global.

    d. Initial Investment amount will stay blocked in the account until completion of the trade. The final distribution payment will include all remaining profits and a full recoupment of investment basis to the investor.